# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SUSAN SMITH, *et al.*,

        Plaintiffs,

v.

TW ASSET GROUP LLC, *et al.*,

        Defendants.

Case No. 2:18-cv-385
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant Zenith Financial Network, Inc. d/b/a ZFT & Associates d/b/a ZFN Processing's ("Defendant Zenith") Motion to Dismiss (ECF No. 13); Plaintiffs Susan Smith and Zach Smith's ("Plaintiffs") Memorandum in Opposition (ECF No. 19); and Defendant Zenith's Reply brief (ECF No. 20). For the following reasons, the Court **DENIES** Defendant Zenith's Motion. (ECF No. 13).

## I.

Plaintiffs brought this suit against Defendant Zenith and Defendant TW Asset Group, LLC d/b/a The Law Offices of Thompson d/b/a Walters & Associates d/b/a Thompson, Walters, & Associates b/a/a T&W Recovery, LLC ("Defendant TW Asset"), alleging violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiffs are residents of Chillicothe, Ross County, Ohio. (Am. Compl. ¶ 5). Defendant Zenith is a collection agency located in Boca Raton, Florida. (*Id.* ¶11). Defendant TW Asset is a collection agency located in Buffalo, New York. (*Id.* ¶10).

Between August 22, 2017 and August 22, 2018, Defendant TW Asset began calling Ms. Smith on her home telephone number demanding that she repay a consumer debt of $535. (*Id.* ¶¶ 16–22). Ms. Smith claims that Defendant TW Asset threatened to send her to jail and to serve her at work to embarrass her if she did not pay the debt. (*Id.* ¶ 20). Ms. Smith paid the full amount, claiming that she did so due to the coercive language used by Defendant TW Asset. (*Id.* ¶ 22). Plaintiffs claim Defendant Zenith effectuated the transfer of Plaintiffs' funds from Ms. Smith's bank account. (*Id.* ¶ 33). After the money was withdrawn from Ms. Smith's account, Mr. Smith called the phone number on Ms. Smith's bank statement and spoke to an employee of Defendant Zenith. During the telephone conversation, Mr. Smith requested that the payment be reversed. (*Id.* ¶ 24–26). The Defendant Zenith employee transferred the call to a representative from Defendant TW Asset, who stated: "they would reverse the payment, but then they would be filing paperwork against Plaintiff Susan Smith." (*Id.* ¶ 26).

Plaintiffs filed suit against Defendant TW Asset and Defendant Zenith on April 25, 2018, claiming that Defendants violated § 1692(d) of the FDCPA. (*Id.* ¶ 27). On August 22, 2018, Plaintiffs filed an Amended Complaint. (ECF No. 10). On September 20, 2018, Defendant Zenith moved to dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13). Plaintiffs filed a Response in Opposition on November 1, 2018. (ECF No. 19). Defendant Zenith filed its Reply Brief on November 15, 2018. (ECF No. 20). Defendant Zenith's Motion to Dismiss is ripe for review.

## II.

To determine whether a complaint states a claim upon which relief can be granted, the Court must: (1) accept the factual allegations contained in the pleadings as true, and (2)

determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . ." *Twombly,* 550 U.S. at 555. Consequently, a complaint will not be dismissed pursuant to rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III.

### A. Applicability of the FDCPA to Defendant Zenith

Defendant Zenith argues in its Motion to Dismiss that: (1) it is not subject to the FDCPA, and (2) even if Defendant Zenith is subject to the FDCPA, Plaintiffs have failed to state a claim upon which relief can be granted. The Court addresses these arguments in order.

#### 1. It is Factually Plausible that Defendant Zenith is Subject to the FDCPA.

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which* is the collection of any debt, or who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6) (emphasis added). The Sixth Circuit has noted that the FDCPA "is an

3

extraordinarily broad statute" enacted to address what Congress "considered to be a widespread problem." *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992).

As a matter of law, liability under § 1692 can only attach to those who meet the statutory definition of a "debt collector." *Jerman v. Carlisle, McNelliee, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010) ("The Fair Debt Collection Practices Act . . . imposes civil liability on 'debt collector[s]'"). Defendant Zenith argues in its Motion to Dismiss that Plaintiffs' Complaint does not sufficiently allege that Defendant Zenith is a "debt collector" under the FDCPA. (Mot. to Dismiss Brief at 6, ECF No. 14). Specifically, Defendant Zenith argues that "Plaintiff does not allege Zenith took any steps to collect the debt—Plaintiffs only claim Zenith appeared on a bank statement as a payment processor stemming from an agreement between Plaintiffs and TW Asset Group." (*Id.* at 4). Accordingly, Defendant Zenith contends it is not subject to the FDCPA and the acts of Defendant TW Assert should not be imputed to Defendant Zenith. (*Id.* at 5–6). Thus, the Court must determine whether Zenith falls within the FDCPA's definition of a "debt collector."

Defendant Zenith cites *Lewis v. ACB Business Services, Inc.*, 911 F. Supp. 290, 293 (S.D. Ohio 1996), in which this Court held that payment processors are considered independent entities from debt collectors. The Sixth Circuit made a similar finding in *Lee v. Main Accounts, Inc.*, 125 F.3d 855, 855 (6th Cir. 1997), concluding that a third-party transaction fee was separate from the debt collection conducted by the defendant, a debt collection agency. Analogizing *Lewis* to the case *sub judice*, Defendant Zenith points out that its only involvement in the instant action was processing a single payment that appeared on Plaintiffs' bank statement. (Mot. to Dismiss Brief at 6). Thus, Defendant Zenith asserts that any allegations against Defendant TW Asset, a debt collector, cannot be imputed to Defendant Zenith—"an entirely separate entity." (*Id.*).

4

Consequently, Defendant Zenith avers the FDCPA does not apply to its actions as a third party "wholly removed from debt collection activity." (*Id.* at 2).

Plaintiffs contend it is "irrelevant that [Defendant] Zenith is an entity independent of [Defendant] TW Asset." (Opp'n at 4). Specifically, Plaintiffs maintain that *Lewis* and *Lee* "involve payment processors that were *not* debt collectors," whereas Defendant Zenith is a debt collector. (*Id.*). As the Sixth Circuit held in *Glazer v. Chase Home Financial, LLC*, 704 F.3d 453, 461 (6th Cir. 2013), "if a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection."[1] Here, Plaintiffs allege Defendant Zenith "is itself a debt collector" because it was involved in collecting a debt by answering Mr. Smith's phone call and effectuating the transfer of funds from Ms. Smith's bank account. (Opp'n at 6). In addition, Plaintiffs point out that *Lewis* and *Lee* were decided "in the context of 15 U.S.C. § 1692(f)(1) violations." (*Id.* at 5). In contrast, Plaintiffs state they "have not alleged that Zenith or TW Assert violated 15 U.S.C. § 1692(f)(1)." (*Id.*). Thus, Plaintiffs aver that *Lewis* and *Lee* are not applicable to the case as bar. (*Id.*).

Plaintiffs further argue that Defendant Zenith may be liable for its actions as a payment processor regardless of its relationship to Defendant TW Asset. Plaintiffs cite *Consumer Financial Protection Bureau v. Universal Debt & Payment Solutions*, No. 1:15-CV-00859-RWS, 2015 WL 11439178, at *15 (N.D. Ga. Sept. 1, 2015), which held that payment processors "could still be subject to liability for unfair acts or practices if they are service providers." In *Consumer Financial*, various payment processors "provided a technology platform to process payments"

---

[1] The Supreme Court abrogated *Glazer* on March 20, 2019 with its ruling in *Obduskey v. McCarthy & Holthus LLP*. 139 S. Ct. 1029 (2019). In *Obduskey*, the Supreme Court ruled that an entity only engaged in security-interest enforcement is not a "debt collector" within the meaning of the FDCPA. *Id.* at 1031. The case at bar does not involve security-interest enforcement or nonjudicial foreclosure proceedings. Accordingly, *Obduskey* is not applicable here.

5

for debt collectors. *Id.* at *13 (internal quotations omitted). The payment processors claimed they were not vicariously liable for the acts of the debt collectors because they were separate entities. *Id.* at *15. However, the *Consumer Financial* court found that despite the payment processors' independence from the debt collectors, they *could* still be subject to liability for unfair practices. *Id.* Analogizing Defendant Zenith to a "service provider," Plaintiff asserts that Defendant Zenith is not immune from liability for "providing substantial assistance to a debt collector." (Opp'n at 4).

Finally, Plaintiffs contend that, as a debt collector, Defendant Zenith is also subject to the FDCPA for acts taken on behalf of another debt collector. (Opp'n at 5). Plaintiffs cite the Sixth Circuit's *Wadlington v. Credit Acceptance Corp.* decision, which concluded "Section 1692k imposes liability on a '*debt collector* who fails to comply with [a] provision of this subchapter . . . .'" 76 F.3d 103, 108 (6th Cir. 1996) (emphasis in original) (citation omitted). In *Wadlington*, the Sixth Circuit found that a debt collector can be held vicariously liable for its debt collection practices on behalf of another debt collector. *Id.* Analogizing *Wadlington* to this case, Plaintiffs argue that Defendant Zenith, a debt collector, engaged in impermissible debt collection activities on behalf of Defendant TW Asset, another debt collector. (Opp'n at 5). Moreover, Plaintiffs point out that in FDCPA cases, "[w]hen several independent actors concurrently or consecutively produce a single, indivisible injury, each actor is held jointly responsible for the entirety of damages resulting from the concerted activity." (*Id.*) (citing *Conner v. Howe*, 344 F. Supp. 2d 1164, 1169 (S.D. Ind. 2004)).

Plaintiffs' arguments are well taken. Unlike the present case, both *Lewis* and *Lee* involved 15 U.S.C. § 1692(f)(1) violations—i.e., the collection of any debt which is not expressly authorized by the agreement creating the debt. Here, Plaintiffs allege that Defendants

6

violated § 1692(f), which states that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). As stated by the statute, the subparts of § 1692(f) do not "limi[t] the general application of [§ 1692(f)]." Thus, *Lewis* and *Lee* are distinguishable from the present case because they involved different alleged violations of § 1692(f).

Moreover, as Plaintiffs point out, *Lewis* involved fee charging by a separate entity that was not a debt collector. In the instant action, Plaintiffs raise sufficient facts to plausibly allege that Defendant Zenith is a debt collector. First, Plaintiffs properly address all elements of the statutory definition of debt collector pursuant to § 1692(a)(6): "Defendant Zenith is a collection agency located in Boca Raton, Florida," where it "regularly collects, or attempts to collect, debts allegedly owed to third parties" by sending correspondence to alleged debtors through instrumentalities of interstate commerce and/or the mail. (Am. Compl. ¶ 11–14). Second, the FDCPA does not distinguish between indirect and direct debt collections. In fact, the Act defines "debt collector" as "any person . . . who regularly collects or attempts to collect, *directly or indirectly*, debts owed or due . . ." 15 U.S.C. § 1692(a)(6) (emphasis added).

Accordingly, the Court need not assess whether Defendant Zenith's relationship to Defendant TW Assert triggers imputed liability under the FDCPA. At this stage, Plaintiffs' allegations, and Defendant Zenith's classification as a "debt collector" are sufficient to survive Defendant Zenith's Motion to Dismiss.

**2. It is Factually Plausible that Defendant Zenith Violated the FDCPA.**

The Court now turns to Defendant Zenith's argument that Plaintiffs have otherwise failed to allege sufficient factual allegations to state a plausible FDCPA claim against Defendant Zenith. Specifically, Defendant Zenith alleges that it took no direct collection action against

7

Plaintiffs and was not involved in any of the unlawful collection activities alleged. (Mot. to Dismiss Brief at 4). Rather, Defendant Zenith contends that Defendant TW Asset undertook all collection actions and that "the claims against Zenith are nothing more than a last ditch attempt to identify any viable party to revive this lawsuit." (*Id.* at 2). Plaintiffs allege Defendant Zenith violated 15 U.S.C. §§1692(d), (d)(5), (e), (e)(3), (e)(4), (e)(10), and (f) of the FDCPA. (Am. Compl. ¶ 27). They claim Defendant Zenith did so by working in concert with Defendant TW Asset to effectuate the transfer of Plaintiffs' funds, thereby participating both directly and indirectly in the collection of Plaintiffs' alleged debt. (Am. Compl. ¶ 32–35).

As set forth above, this Court finds that Plaintiffs have adequately alleged that Defendant Zenith is a "debt collector." Plaintiffs further allege that Ms. Smith did not owe a consumer debt. (*Id.* ¶16). In addition, Plaintiffs claim that Defendant Zenith withdrew money from Ms. Smith's account, and also spoke to Mr. Smith regarding Ms. Smith's bank statement. (Am. Compl. ¶ 25–26; Mot. to Dismiss Brief at 3). Taking these facts as true, the Court finds that Plaintiffs have asserted sufficient facts to plausibly contend that Defendant Zenith violated the FDCPA by engaging in unfair debt collection activities and collecting a debt that was not owed.

**IV.**

For the foregoing reasons, the Court **DENIES** Defendant Zenith's Motion to Dismiss. (ECF No. 13).

**IT IS SO ORDERED.**

5-1-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE